## Shafer v. McIlhaney, Appellant.

*Costs—Prothonotary—Interest.*

A prothonotary who has received fees for the sheriff or other officers of the court, is not liable for interest on the same, unless he has refused after demand to pay over said fees received by him.

*Public records—Prothonotary's docket—Act of April 14, 1870.*

It seems that the prothonotary's docket of costs and money received by him, requited to be kept by the prothonotaries of Carbon and Monroe counties under the act of April 14, 1870, P. L. 1173, is a public record, which must remain in the office after the expiration of the prothonotary's term.

Argued March 8, 1893.   Appeal, No. 94, Jan. T., 1893, by plaintiff, Jacob K. Shafer, from judgment of C. P. Monroe Co., May T., 1891, No. 19, on case stated in favor of defendant, Catharine M. McIlhaney et al., administratrices of Thomas M. McIlhaney, deceased.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Case stated.

The case stated was as follows :

" The said Jacob K. Shafer was sheriff of the said county of Monroe from the first Monday in January 1875, to the first Monday in January, 1878, when he was succeeded by W. T. Baker.   As said sheriff he performed certain services for which there were due to him fees.   That the said Thomas M. Mc-

Ilhaney was prothonotary and clerk of the courts of the said county of Monroe from the first Monday in January, 1876, to the first Monday in January, 1879, when he was succeeded by A. B. Shafer.

" That during the whole of the term of the said Jacob K. Shafer the said Thomas M. McIlhaney acted as his clerk and counsel and kept his dockets.   That the said Jacob K. Shafer during the said period, or his term of office as sheriff, had his office with the said Thomas M. McIlhaney and the said docket was always open and accessible to him, the said Shafer.

" That there were paid to the said Thomas M. McIlhaney and received by him costs or fees of the said Jacob K. Shafer, as sheriff, amounting to the sum of seven hundred and eighty-three dollars ($783), as appears by a schedule of the same hereto attached.   Very nearly all of which, as also appears by the said schedule, were paid to the said Thomas M. McIlhaney while he was prothonotary and clerk of the courts.

" That the said Jacob K. Shafer was never notified by the said Thomas M. McIlhaney that he had the said costs in his possession, nor did the said Jacob K. Shafer ever make any demand upon the said Thomas M. McIlhaney for the same or any part of the same.

" That the said Thomas M. McIlhaney died on the 15th day of December, 1885, and his estate, through his administratrices, has been in course of settlement ever since, and no demand upon the administratrices was made until April 1, 1891.

" The question in dispute is as to the liability of the estate of the said Thomas M. McIlhaney, deceased, for interest on said sum of seven hundred and eighty-three dollars ($783).

" If the court be of opinion that the said estate of the said Thomas M. McIlhaney, deceased, is liable for interest on the said costs so mentioned as aforesaid, then judgment to be entered in favor of the said plaintiff, Jacob K. Shafer, and against the said defendants for interest on the said sum of $783 from the 1st day of January, 1880, to the 15th day of December, 1885; but if not, then judgment to be entered in favor of the said defendants, the costs of this case to follow the judgment."

The opinion of the court below on the case stated was as follows by DREHER, P. J.:

" The question raised by the case as stated is, whether the

prothonotary who receives the fees of other officers of the court is liable, in the absence of a demand for payment, to pay interest on the money so received by him. It has been the practice in this county, for upwards of forty years, for the prothonotary to receive from parties, and from the sheriff, costs and fees, belonging to the officers—ex-sheriffs and ex-prothonotaries—and also fees of the acting sheriff, and pay them to the persons entitled thereto, on demand. He also frequently receives the fees of witnesses named in the bills of cost, taxed to the parties litigant, and pays them to the witnesses or to the parties. This practice has grown up with the sanction of members of the bar, because of the convenience to officers and parties; and generally a book has been kept by the prothonotary, in which he enters the fees and costs so received, and the parties to whom paid receipt therefor; but the practice has heretofore been that the prothonotary, on going out of office, at the expiration of his term, has taken this book, considering it his property, and would pay the money when called upon. This practice must hereafter cease. The act of assembly of April 14, 1870, P. L. 1173, requires the prothonotaries and clerks of the court of quarter sessions and orphans' court of Carbon and Monroe counties to keep a docket, in which shall be entered all costs received by them, in their official capacity, on judgments, decrees, sentences or otherwise, which shall be free to inspection, at all times, of the attorneys, witnesses, justices, or other parties who may consider themselves interested therein. This act makes the docket so kept a public record; and it should remain in the office as such.

" Several questions have been settled by the Supreme Court, which have a bearing on the question now under consideration.

" 1. That a payment of money by a defendant in a judgment to the prothonotary is not a legal discharge of the judgment, and that his sureties are not liable therefor, on his failure to pay the money to the plaintiff, and he may proceed by execution to collect the judgment: Tompkins v. Woodford, 1 Pa. 156; Wells v. Baird, 3 Ibid. 351.

' " 2. A sheriff who has collected money on execution is not relieved from liability to the plaintiff by payment to the prothonotary, without an order of the court to pay the money into court: Commonwealth v. Walter, 99 Pa. 181.

" 3. A prothonotary, as such, is authorized to receive the costs due his predecessor in office and the sureties of his official bond are liable for the amount so received: Watson & McFarland v. Smith, 26 Pa. 395, KNOX, J.

" ' Besides, as a matter of public convenience, and in accordance with an almost universal practice, we are of opinion that a suitor may lawfully pay the fees due to a prothonotary, whose term has expired, to the actual incumbent of the office and, as a necessary consequence, the sureties of the officer receiving the money are liable for its repayment.'

" 4. In an action by a sheriff to recover the costs due to him for services, interest will not be allowed on the amount thereof: 95 Pa. 481.

" Mr. Justice GREEN, after referring to several cases in which the general rule is stated that costs do not bear interest, says:

" ' We see no reason for changing the rule thus laid down. We understand it to be the uniform practice in all parts of the state not to allow interest on costs, to the officers to whom they are due. There is no statute, course of decision or practice authorizing or justifying such allowance. Nor is interest a natural or necessary incident to costs in any view of the subject; of course we except from these remarks the case of an actual payment of costs by a party. Then interest may be allowed as on money paid and expended. But that is not the case. This is an ordinary case of a claim by a sheriff for costs due him for services in a cause.' "

After reciting the facts, the opinion continues:

" It is contended on behalf of the plaintiff that it was the duty of McIlhaney to have notified plaintiff that the fees had been paid, and having failed to so notify him, his estate is liable for the interest on the amount received. The plaintiff does not claim interest after McIlhaney's death.

" If this contention of plaintiff be correct the prothonotary is bound, in all cases, to notify the parties entitled to fees paid to him or be liable to pay interest. This will be imposing upon the prothonotary much labor for which he receives no compensation, excepting that he may charge not more than twenty-five cents in each suit or case under the special act of April 14, 1870.

" It has not been the practice to charge for services in receiving and paying over costs and fees belonging to officers, witnesses and parties; of course if demand be made and the officer refuses or neglects to pay he should be charged with interest.

" In the case in hand the plaintiff was presumably cognizant of the practice in the prothonotary's office as respects the receipt and payment of sheriff's fees; and a simple demand or request, it may be assumed, would have been responded to.

" If there was neglect on part of McIlhaney in not informing the plaintiff of the receipt of fees, there was also neglect on part of plaintiff to make any demand or inquiry. Under all the circumstances of this case we think the plaintiff is not entitled to interest.

" And now, to wit, May 25, 1892, judgment is entered in favor of the defendants."

*Error assigned* was entering of judgment for defendants.

*Charles B. Staples*, for appellant, cited, Eckert v. Wilson, 12 S. & R. 398; Rapelie v. Emory, 1 Dal. 349; Obermyer v. Nichols, 6 Bin. 159.

*S. Holmes*, for appellees, not heard, cited, Knight v. Reese, 2 Dal. 182; Galbraith v. Walker, 99 Pa. 481 ; Parrott v. Thompson, 19 W. N. 548.

PER CURIAM, March 20, 1893:

The action of the learned president of the common pleas, in entering judgment in favor of the defendants on the case stated, is so amply vindicated in the opinion sent up with the record, that we cannot do better than affirm the judgment upon that opinion. It contains everything that can be profitably said on the question involved.

Judgment affirmed.